<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br><b>TRIBUNAL DE APELACIONES</b><br><b>PANEL VIII</b></td></tr>
<tr>
<td>Oficina de Ética Gubernamental<br><br> Recurrida <br><br><br> vs. <br><br><br>Enrique H. Questell Alvarado<br><br> Recurrente </td>
<td align="center">KLRA202400199</td>
<td><b>REVISIÓN ADMINISTRATIVA</b> procedente de la Oficina de Ética Gubernamental<br><br>Caso Núm.: OEG-22-10<br><br>Sobre: Violación al Inciso (d) del Art. 4.3 de la Ley Orgánica de la Oficina de Ética Gubernamental de P.R., Ley 1-2012, según enmendada</td>
</tr>
</table>

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de mayo de 2024.

Comparece ante nos, el Hon. Enrique H. Questell Alvarado (Sr. Questell Alvarado o parte recurrente) quien presenta recurso de revisión administrativa en el cual solicita la revocación de la "Resolución" emitida el 18 de marzo de 2024 por el Director Ejecutivo de la Oficina de Ética Gubernamental (OEG o parte recurrida).[1] Mediante dicha determinación, el Director Ejecutivo (1) adjudicó sumariamente la Querella 22-10 en contra de la parte recurrente, (2) adoptó la totalidad del "Informe" de la Oficial Examinadora del 7 de marzo de 2024, y (3) condenó al Sr. Questell Alvarado al pago de $42,000.00. Por otro lado, la parte recurrente solicita la revisión de la Orden Interlocutoria dictada el 5 de julio de 2022 por el Oficial Examinador (OE).[2] Mediante dicha orden, el

---

[1] Notificada en igual fecha.
[2] Notificada el 6 de julio de 2022.

Número Identificador

SEN2024 _____

OE denegó la "Moción de Resolución Sumaria por Incumplimiento con la Ley de Ética Gubernamental" presentada por el Sr. Questell Alvarado. Además, solicita la revisión de las órdenes dictadas los días: 15 de octubre de 2021,[3] 27 de diciembre de 2021,[4] y 5 de agosto de 2022.[5] Mediante las ordenes anteriores, el OE prohibió a la parte recurrente el uso de deposiciones.

Examinado el recurso de revisión administrativa, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, procedemos a revocar el dictamen recurrido.

**I.**

El 16 de julio de 2021, la OEG presentó la Querella 22-10 contra la parte recurrente por 14 infracciones al Art. 4.3(d) de la Ley Orgánica de la Oficina de Ética Gubernamental de Puerto Rico, Ley 1-2012, 3 LPRA sec. 1854. El 10 de septiembre de 2021, el Sr. Questell Alvarado presentó su contestación a la "Querella" donde, entre otras cosas, negó haber incurrido en violación ética alguna. Asimismo, incluyó en su contestación una querella en contra de la OEG, en la que solicitó se investigara las actuaciones de los funcionarios de la OEG de conformidad con el Capítulo VII de la Ley de Ética Gubernamental. Alegó que: (1) la "Querella" se presentó a sabiendas de que las contrataciones señaladas por la OEG están fuera del término de dos años que dispone el Art. 4.3(d) de la Ley 1-2012, *supra*, y (2) el Director Ejecutivo o personal de su oficina intervino con la investigación del Área de Investigaciones y Procesamiento Administrativo (AIPA), revisó el expediente y dio instrucciones sobre el procesamiento del Sr. Questell Alvarado. El 15 de octubre de 2021, el OE emitió una "Orden" en la cual indicó que la "Querella" presentada en contra de la OEG será considerada como parte de las defensas alegadas por el Sr. Questell Alvarado, y

---

[3] Notificada en igual fecha.
[4] Notificada en igual fecha.
[5] Notificada el 8 de agosto de 2022.

como no una reconvención. Fundamentó lo anterior en que no tiene jurisdicción para evaluar querellas que no hayan sido presentadas por la OEG.

El 1 de octubre de 2021, las partes se cursaron mutuamente solicitudes de descubrimiento de prueba. El 3 de diciembre de 2021, el OE dictó una "Orden" en la que concedió a las partes 20 días para culminar el descubrimiento de prueba. El 13 de diciembre de 2021, el Sr, Questell Alvarado presentó una "Solicitud de Prórroga en Torno a Descubrimiento de Prueba". En dicha solicitud, informó que: (1) era necesario tomarle deposición a cinco personas involucradas con la investigación que ocasionó la presentación de la "Querella" y (2) que los documentos producidos por la OEG constaban de más de 1,000 folios, por lo que se requería más tiempo para poder analizarlos. El 22 de diciembre de 2021, la OEG presentó "Moción en Oposición a Solicitud de Prórroga al Descubrimiento de Prueba". Además, en cuanto a las deposiciones, se amparó en la "Orden" del 15 de octubre de 2021 sobre la prohibición del uso de deposiciones. Así las cosas, el 27 de diciembre de 2021, el OE dictó una "Orden", y denegó la solicitud de prórroga presentada por la parte recurrente.

El 14 de enero de 2022, el Sr. Questell Alvarado presentó "Moción Reiterando el Uso de Deposiciones al Amparo del Derecho Constitucional de Questell de Confrontar la Prueba Ofrecida en su Contra". En dicho escrito, arguyó que el OE no tenía justificación para prohibir el uso del mecanismo de las deposiciones, y que la OEG tuvo más de dos años para realizar una investigación, mientras que el recurrente estaba impedido de confrontar a las personas involucradas con la misma. El 28 de enero de 2022, la OEG presentó "Moción en Réplica a Escrito Presentado por la Parte Querellada", y se opuso al uso de deposiciones.

Mientras se dilucidaba la controversia sobre el uso de deposiciones, el 16 de diciembre de 2021, la parte recurrente presentó una "Moción de Resolución Sumaria por Incumplimiento con la Ley de Ética Gubernamental", y solicitó la desestimación sumaria de la "Querella" al amparo de Art. 7.1(b) de la Ley Núm. 1-2012, *supra.* En síntesis, sostuvo que se incumplieron los términos dispuestos en dicho artículo. La OEG se opuso a la anterior "Moción de Resolución Sumaria" el 30 de diciembre de 2021.

Mediante una "Orden" emitida el 5 de julio de 2022, el declaró No Ha Lugar la "Moción de Resolución Sumaria" presentada por el Sr. Questell Alvarado. Concluyó que: (1) "no pierde jurisdicción para ventilar las querellas que sean presentadas fuera del término de dos (2) años y 180 días para realizar la investigación preliminar y exhaustiva";[6] (2) la "Querella" fue presentada 32 días de haber culminado el término preceptuado por ley para culminar la investigación; y (3) "dicho espacio de tiempo, por sí solo, no es irrazonablemente largo, por lo que no nos compele a recomendar el archivo de esta Querella por ese fundamento".[7]

Así las cosas, el 21 de julio de 2022, la parte recurrente presentó una "Moción de Reconsideración". En resumen, argumentó que la "Orden" del OE debía ser reconsiderada por lo siguiente: (1) incumplimiento del OE con el Art. 6.1 del Reglamento 8231; (2) el Art. 7.1(b) de la Ley Núm. 1-2012, *supra,* y el Art. 12(5) de la Ley del PFEI no son comparables, ya que el 7.1(b) dispone que los términos son de cumplimiento estricto; (3) el caso *Pueblo v. Colon Bonet,* 200 DPR 27 (2018), reconoce que el incumplir con los términos de investigación impide que la investigación continúe; (4) el OE tomó como cierto un hecho que reconoció que era imposible;

---

[6] Véase Apéndice a la pág. 75.
[7] Véase Apéndice a la pág. 77.

(5) la OEG no presentó evidencia de la justa causa y el OE la especuló; (6) el OE añadió información adicional que no obraba en el expediente administrativo; y (7) el OE limitó sus poderes concediendo impunidad a la OEG por su incumplimiento. Evaluada la petición, el 5 de agosto de 2022, el OE denegó la "Moción de Reconsideración" presentada por el Sr. Questell, reiterando que no procedía el uso de las deposiciones.

Luego de varios tramites procesales, el 14 de noviembre de 2022, se presentó el "Informe de Conferencia con Antelación a Audiencia" y la vista fue señalada para los días 25, 26, 27 y 28 de abril de 2023.

Por su parte, la OEG presentó "Moción Solicitando Adjudicación Sumaria" el 4 de abril de 2023. El recurrente se opuso el 12 de junio de 2023, y argumentó que los hechos número 2 al 17 propuestos por la OEG, no procedían en derecho. El 22 de junio de 2023, la OEG replicó a la oposición presentada por el Sr. Questell Alvarado. Por lo anterior, el 18 de marzo de 2024, el Director Ejecutivo de la OEG emitió una "Resolución" en la cual: (1) adjudicó sumariamente la "Querella" en contra de la parte recurrente; (2) adoptó la totalidad del Informe de la Oficial Examinadora del 7 de marzo de 2024; y (3) condenó al Sr. Questell Alvarado al pago de $42,000.00.[8]

Insatisfecho, el 16 de abril de 2024, la parte recurrente acudió ante este foro apelativo intermedio, y señaló la comisión de los siguientes errores, a saber:

> *Primer Error: Erró la OEG al violar del derecho constitucional y estatutario de Questell al negarle el uso de deposiciones durante el descubrimiento de prueba. Además, erró al concluir que el Reglamento Adjudicativo 8231 opera sobre la LPAU.*
>
> *Segundo Error: Erró la OEG al denegar la Moción de Resolución Sumaria por Incumplimiento*

---

[8] Véase Apéndice a la pág. 444, Resolución emitida el 18 de marzo de 2024.

*con la Ley de Ética Gubernamental mediante Orden hacer inferencias en contra del querellado y a favor de la querellante.*

Tercer Error:     *Erró la OEG al limitar su facultad adjudicativa, sin justificación alguna, concediéndose impunidad por incumplir con la Ley de Ética Gubernamental*

## II.

### -A-

En nuestra jurisdicción, las decisiones, órdenes y resoluciones finales emitidas por organismos o agencias administrativas están sujetas al proceso de revisión judicial ante el Tribunal de Apelaciones. Art. 4.006(c) de la Ley de la Judicatura de 2003, Ley Núm. 201-2003, 4 LPRA sec. 24y. En conformidad con esto, la Sec. 4.6 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38-2017, 3 LPRA sec. 9676, reconoce expresamente la revisión judicial de las mencionadas decisiones. En particular, el objetivo principal de la revisión judicial se enfoca en asegurar que las agencias administrativas actúen conforme a las facultades concedidas por ley. *OEG v. Martínez Giraud*, 210 DPR 79, 88 (2022).

Los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, debido a que estas cuentan con vasta experiencia y pericia para atender aquellos asuntos que se les han sido delegados por la Asamblea Legislativa. *Íd.*, a la págs. 87-89. Es por ello que, tales determinaciones suponen una presunción de legalidad y corrección que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas. *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010).

Asimismo, nuestro Tribunal Supremo ha manifestado que la deferencia a la determinación de una agencia administrativa cederá cuando:

*(1) no está basada en evidencia sustancial; (2) el ente administrativo erró al aplicar o interpretar las leyes o los reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó de forma arbitraria, irrazonable o ilegal, realizando determinaciones carentes de una base racional, o (4) cuando la actuación administrativa lesiona derechos constitucionales fundamentales. Torres Rivera v. Policía de PR*, 196 DPR 606, 628 (2016).

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad. *OEG v. Martínez Giraud, supra*, a la pág. 90; *Torres Rivera v. Policía de PR, supra*, a la pág. 626. Bajo este criterio, se limita la revisión judicial a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un abuso de discreción. *Pérez López v. Depto. Corrección*, 208 DPR 656, 673 (2022). Para esta encomienda de la revisión judicial, la Sec. 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38-2017, 3 LPRA sec. 9675. dispone que los tribunales se ceñirán a evaluar estos tres (3) aspectos: "(1) si el remedio concedido fue apropiado; (2) si las determinaciones de hecho están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si se sostienen las conclusiones de derecho realizadas por la agencia". *Torres Rivera v. Policía de PR, supra*, a las págs. 626-627. Nuestro Máximo Foro, ha expresado que, esta intervención "debe ocurrir cuando la decisión administrativa no se fundamente en evidencia sustancial o cuando la agencia se equivoque en la aplicación de la ley". *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 36 (2018). Siendo así, aquellas determinaciones de hechos formuladas por el ente administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Íd.*

Por otro lado, las determinaciones de derecho pueden ser revisadas en su totalidad. *Rolón Martínez v. Supte. Policía, supra*, a

la pág. 36-37; *Torres Rivera v. Policía de PR, supra,* a las págs. 627. El Tribunal Supremo ha dispuesto que, la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: "(1) erró al aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales". *OEG v. Martínez Giraud, supra,* a la pág 89. Finalmente, nuestra Alta Curia ha expresado que, conforme lo anterior, el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que promueve. Así, "la deferencia judicial al expertise administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia". *Íd,* a la pág 81.

-B-

La Ley Núm. 1-2012, *supra,* tiene como objetivo principal renovar y reafirmar la función preventiva y fiscalizadora que realiza la OEG. Véase Exposición de Motivos. La OEG, "fiscaliza, mediante los mecanismos y los recursos que la ley provee, la conducta de los servidores públicos y penaliza a todos aquellos que transgreden la normativa ética que integra los valores en el servicio público". *Pueblo v. Arlequín Vélez,* 204 DPR 117, 154 (2020). Dentro de su función preventiva, busca atacar y prevenir la corrupción del Gobierno, la conducta ilegal de los empleados públicos, los conflictos de intereses, el abuso de poder y el ejercicio de influencias indebidas. *OEG v. Rodríguez,* 159 DPR 98, 122-123 (2003).

En lo pertinente, el Art. 7.1 (b) de la Ley Núm. 1-2012, *supra,* establece que:

*(b) Dentro de los noventa días siguientes a la fecha de presentación del planteamiento, la Oficina realizará una investigación preliminar. Una vez culminada la investigación preliminar, si la Oficina entiende que procede efectuar una investigación exhaustiva, debe concluirla dentro del término de un año. Estos términos son de cumplimiento estricto. Si existe justa causa, la Oficina prorrogará estos términos hasta noventa días o un año, respectivamente.*

Por su parte, el Art. 7.2 (b) de la Ley Núm. 1-2012, *supra,* dispone sobre el procedimiento de adjudicación, lo siguiente:

*Una vez concluya la investigación aludida en el Artículo 7.1 y la Oficina entienda que se ha violado alguna disposición establecida en esta Ley, en los reglamentos, en las órdenes o en las normas promulgadas a su amparo, presentará una querella y llevará a cabo un procedimiento de adjudicación, de conformidad con la Ley de Procedimiento Administrativo Uniforme, [...].*

**-C-**

Los procedimientos adjudicativos de la OEG, según establece la Ley 1-2012, *supra,* se llevarán a cabo conforme a lo establecido en la Ley 38-2017, *supra.*[9]

Nuestro más Alto Foro ha incorporado al ámbito administrativo normas aplicables a los litigios civiles. *Rodríguez Rivera v. Autoridad Carreteras,* 110 DPR 184 (1980). En ese sentido, los principios que rigen la disposición sumaria de los casos, también le son de aplicación a los casos que se ventilan ante el foro administrativo.

En lo pertinente a las resoluciones emitidas sumariamente en los procesos adjudicativos administrativos, la sección 3.7(b) de la Ley 38-2017, *supra,* establece que:

*Si la agencia determina a solicitud de alguna de las partes y luego de analizar los documentos que acompañan la solicitud de orden o resolución sumaria y los documentos incluidos con la moción en oposición, así como aquellos que obren en el expediente de la agencia, que no es necesario celebrar una vista adjudicativa, podrá dictar órdenes o resoluciones sumarias, ya sean de carácter final, o parcial resolviendo cualquier controversia entre las partes, que sean separable de las controversias, excepto en aquellos casos donde la ley orgánica de la agencia disponga lo contrario.*

---

[9] Art. 7.2 de la Ley 1-2012, *supra.*

> *La agencia no podrá dictar órdenes o resoluciones sumarias en los casos en que (1) existen hechos materiales o esenciales controvertidos; (2) hay alegaciones afirmativas en la querella que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la petición una controversia real sobre algún hecho material y esencial; o (4) como cuestión de derecho no procede.*

Así pues, en nuestro ordenamiento jurídico, el mecanismo de la sentencia sumaria está regido por la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36.1, la cual desglosa los requisitos específicos con los que debe cumplir esta figura procesal. *Lugo Montalvo v. Sol Meliá Vacation,* 194 DPR 209, 224 (2015). La sentencia sumaria es un mecanismo procesal para disponer de ciertos casos sin necesidad de llegar a la etapa del juicio. *Ramos Pérez v. Univisión,* 178 DPR 200, 213 (2010). Al no haber controversia sustancial y real sobre hechos materiales, sólo falta aplicar el derecho pertinente a la controversia. Cuando se habla de hechos materiales nos referimos a aquellos que pueden determinar el resultado de la reclamación, en conformidad con el derecho sustantivo aplicable. Por consiguiente, el propósito de la sentencia sumaria es facilitar la pronta, justa y económica solución de los casos que no presenten controversias genuinas de hechos materiales. *Velázquez Ortiz v. Mun. De Humacao,* 197 DPR 656, 662-663 (2017).

Por otra parte, conforme a la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, procede dictar sentencia sumaria si las alegaciones, deposiciones, y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia acreditan la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y material y, además, si el derecho aplicable así lo justifica. *Lugo Montalvo v. Sol Meliá Vacation, supra,* a la pág. 225; *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 430 (2013). La parte promovente de la moción de sentencia sumaria viene

obligada a desglosar los hechos sobre los que aduce que no existe controversia y, para cada uno, especificar la página o párrafo de la declaración jurada u otra prueba admisible en evidencia que lo apoye. Regla 36.3 de Procedimiento Civil, *supra*; *SLG Zapata-Rivera v. J.F. Montalvo, supra*, a la pág. 432.

Por otro lado, la parte que se opone tiene el deber de hacer referencia a los párrafos enumerados por la parte promovente que entiende que están en controversia y para cada uno, detallar la evidencia admisible que sostiene su impugnación. Es decir, el oponente debe controvertir la prueba presentada con evidencia sustancial y no puede simplemente descansar en sus alegaciones. *Ramos Pérez v. Univisión, supra*, a las págs. 215-216. Las meras alegaciones no bastan. "Como regla general, para derrotar una solicitud de sentencia sumaria la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente". *Íd.*, a la pág. 215. Ahora bien, si el oponente no controvierte los hechos propuestos de la forma en la que lo exige la Regla 36.3 de Procedimiento Civil, *supra*, se podrán considerar como admitidos y se dictará la sentencia sumariamente en su contra, si procede.

En lo que nos concierne, el Art. 6.11 del Reglamento Núm. 8231, *supra*, establece lo pertinente a resolución sumaria de los asuntos adjudicativos ante su consideración y dispone lo siguiente:

> *Cualquier parte podrá solicitar la resolución sumaria de todas o de cualquiera de las controversias a ser ventiladas en una audiencia mediante la presentación de una moción con no menos de veinte días calendario de antelación a dicha audiencia. La moción establecerá que no existe controversia de hecho esencial que haya que determinar en la audiencia y estará fundada en documentos, sin limitarse a: declaraciones juradas, certificaciones, grabaciones, videos o fotografías.*
>
> *Dentro del término de diez días calendario, a partir de la notificación de una moción de resolución sumaria, la parte que se oponga a dicha moción deberá presentar su oposición. En ésta, deberá establecer que existe una controversia real sobre algún hecho esencial a*

*determinar en la audiencia o que la resolución sumaria es inapropiada por alguna otra razón.*

*No procederá dictar una resolución sumaria si: (1) existen hechos materiales o esenciales controvertidos; (2) hay alegaciones afirmativas en la querella que no han sido refutadas; (3) surge de los documentos que se acompañan con la petición una controversia real sobre algún hecho material y esencial, o (4) como cuestión de derecho no procede.*

*Si todas las controversias se resuelven mediante una resolución sumaria, no se celebrará audiencia y el oficial examinador procederá a emitir su informe; o el juez administrativo procederá a emitir su resolución final. Si sólo se deciden algunas de las controversias, el oficial examinador emitirá un informe parcial sobre las controversias resueltas; o el juez administrativo emitirá una resolución parcial. La audiencia continuará respecto a las controversias no resueltas.*

**-D-**

En el ámbito civil, la solicitud y concesión de prórrogas se encuentra regulado por las Reglas 6.6 y 68.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.6 y R. 68.2. La Regla 6.6 de Procedimiento Civil, *supra*, dispone que:

*Toda solicitud de prórroga deberá acreditar la existencia de justa causa con explicaciones concretas debidamente fundamentadas. Cualquier solicitud de prórroga deberá presentarse antes de expirar el plazo cuya prórroga se solicita y hacerse conforme lo establece la Regla 68.2. El término de la prórroga comenzará a transcurrir al día siguiente del vencimiento del plazo cuya prórroga se solicita.*

Por su parte, la Regla 68.2 de Procedimiento Civil, *supra*, permite que el tribunal otorgue una prórroga aún expirado el término cuando:

*[P]or estas reglas […] se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción: (1) […] o (2) en virtud de moción presentada después de haber expirado el plazo especificado, permitir que el acto se realice si la omisión se debió a justa causa.*

**-E-**

En nuestro ordenamiento jurídico se reconocen varios tipos de términos, cuyo incumplimiento conlleva diferentes consecuencias. Sin embargo, todos tienen como propósito que una

parte actúe dentro del plazo determinado. *Rivera Marcucci v. Suiza Dairy,* 196 DPR 157, 169 (2016). Entre los distintos términos se encuentran los jurisdiccionales y los de cumplimiento estricto. Por un lado, los términos jurisdiccionales se caracterizan porque, al incumplirse, privan a los tribunales u organismos de jurisdicción para considerar la acción. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 92 (2013). Por el otro, los términos de cumplimiento estricto, al incumplirse, pueden ser prorrogados siempre y cuando exista justa causa para ello. *Rivera Marcucci v. Suiza Dairy, supra,* a las págs. 169-170.

Ahora bien, los términos de cumplimiento estricto no se prorrogan automáticamente. *Íd.,* a la pág. 170. Por el contrario, se requiere acreditar las razones de la dilación y del incumplimiento con el plazo establecido. *Íd.* Por ello, el foro adjudicativo tiene discreción para extender un término de cumplimiento estricto solo cuando la parte que lo solicita demuestra justa causa para su tardanza. *Íd.,* a la pág. 171. Así, se requiere que, tanto quien solicite la prórroga como quien actúe fuera del término, evidencie justa causa por la que no puede o no pudo cumplir con el término. En resumen, ha quedado reafirmado por nuestro Tribunal Supremo que los tribunales eximirán a una parte de observar el cumplimiento con un término de este tipo si concurre lo siguiente: (1) que en efecto exista justa causa para la dilación y (2) que la parte demuestre detalladamente al tribunal las bases razonables que tiene para la dilación, o sea, que acredite de manera adecuada dicha justa causa. *Íd.* Asimismo, nuestro más Alto Foro ha reiterado que la justa causa se acredita por vía de explicaciones concretas, particulares, evidenciadas en el escrito y que le permitan al tribunal concluir que hubo excusa razonable para la tardanza. *Íd.,* a las págs. 171-172. En contraste, ha precisado que no son justa causa las vaguedades, excusas o

planteamientos estereotipados. *Íd.* Por lo anterior, ha establecido que la justa causa debe evaluarse caso a caso, realizando un análisis cuidadoso de las explicaciones que demuestren el incumplimiento y la evidencia que la sustentan. *Íd.*

### III.

Por los fundamentos que expondremos a continuación, solo discutiremos el tercer señalamiento de error.

En su **tercer señalamiento**, el recurrente plantea que, erró la OEG al limitar su facultad adjudicativa, sin justificación alguna, concediéndose impunidad por incumplir con la Ley Núm. 1-2012. En síntesis, la parte recurrente alega que la OEG no cumplió con los términos investigativos que dispone la Ley Núm. 1-2012.

Según discutimos, el Art. 7.1 (b) de la Ley Núm. 1-2012, *supra*, establece que:

> *(b) Dentro de los noventa días siguientes a la fecha de presentación del planteamiento, la Oficina realizará una investigación preliminar. Una vez culminada la investigación preliminar, si la Oficina entiende que procede efectuar una investigación exhaustiva, debe concluirla dentro del término de un año. Estos términos son de cumplimiento estricto. Si existe justa causa, la Oficina prorrogará estos términos hasta noventa días o un año, respectivamente.* (Énfasis nuestro).

Por su parte, el Art. 7.2 (b) de la Ley Núm. 1-2012, *supra*, dispone sobre el procedimiento de adjudicación, lo siguiente:

> *Una vez concluya la investigación aludida en el Artículo 7.1 y la Oficina entienda que se ha violado alguna disposición establecida en esta Ley, en los reglamentos, en las órdenes o en las normas promulgadas a su amparo, presentará una querella y llevará a cabo un procedimiento de adjudicación, de conformidad con la Ley de Procedimiento Administrativo Uniforme, [...].*

Tanto del expediente administrativo de la OEG, como de la "Moción de Resolución Sumaria por Incumplimiento con la Ley de Ética Gubernamental" y del "Informe" del OE, surge que, luego de realizada la auditoría al Municipio de Santa Isabel por la Oficina del Controlador de Puerto Rico, el **14 de diciembre de 2018** dio

comienzo a la investigación preliminar de conformidad al Art. 7.1 (b) de la Ley Núm. 1-2012, *supra.* **El 18 de marzo de 2019, se autorizó la prórroga de 90 días adicionales, cuatro días después de vencer el término establecido por el Art. 7.1 (b) de la Ley Núm. 1-2012,** *supra,* **el cual venció el 14 de marzo de 2019.** Además, no existe documento alguno donde la OEG explique cuál fue la situación de justa causa para la prórroga concedida. La parte recurrida solo se limitó a mencionar que no se requería que la justificación fuese por escrito y que faltaba información y documentación por corroborar. En ningún momento indicaron la razón por la cual la información o documentación no pudo ser corroborada en los 90 días del plazo original.

Más tarde, el **16 de junio de 2019**, terminó la investigación preliminar y comenzó la investigación exhaustiva. Dicho día fue domingo y, conforme al Art. 6.19 (b) del Reglamento Núm. 8231, *supra,* "si el ultimo día es un sábado, domingo o día feriado oficial en el Gobierno de Puerto Rico, o es un día que la OEG este oficialmente cerrada por alguna razón, cualquier acción requerida deberá tomarse en próxima día laborable". En ese escenario, la parte recurrida no expresó explicación alguna por la cual se culminó la investigación preliminar tardíamente y se comenzó la investigación exhaustiva un domingo, no laborable. **De igual manera, el término original, al haber vencido el 14 de marzo de 2019 y suponiendo que el mismo pudiese haber sido prorrogado, el término venció el 12 de junio de 2020.**

Sin embargo, la OEG arguyó que surgió del descubrimiento de prueba que el requerimiento de prórroga para extender el término de un año para la investigación exhaustiva fue solicitado y concedido el 22 de julio de 2020. La razón de la prórroga, la cual no consta en el expediente, fue alegadamente debido al Boletín Administrativo Núm. EO-2020-23 por causa a la Pandemia del

COVID. No obstante, **el término de la investigación exhaustiva venció el 12 de junio de 2020, suponiendo que se hubiese prorrogado correctamente el término de la investigación preliminar, cosa que no se hizo. Aún considerando que la fecha del comienzo de la investigación exhaustiva fue el 16 de junio de 2019, el año hubiese vencido el 16 de junio de 2020, 36 días antes de la fecha de la prórroga.** Si la investigación preliminar y la exhaustiva se hubiesen dado dentro de los términos del Art. 6.19 (b) del Reglamento Núm. 8231, *supra,* la presentación de la querella hubiese sido el 14 de junio de 2021, y no el 16 de julio de 2021.

En el ámbito civil la solicitud y concesión de prórrogas se encuentra regulado por las Reglas 6.6 y 68.2 de Procedimiento Civil del 2009, *supra.* La Regla 6.6 de Procedimiento Civil, *supra,* dispone que:

> *Toda solicitud de prórroga deberá acreditar la existencia de justa causa con explicaciones concretas debidamente fundamentadas.* ***Cualquier solicitud de prórroga deberá presentarse antes de expirar el plazo cuya prórroga se solicita y hacerse conforme lo establece la Regla 68.2.*** *El término de la prórroga comenzará a transcurrir al día siguiente del vencimiento del plazo cuya prórroga se solicita.*

En cambio, la Regla 68.2 de Procedimiento Civil, *supra,* permite que el tribunal otorgue una prórroga aun expirado el termino cuando:

> [P]*or estas reglas […] se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción: (1) […] o (2) en virtud de moción presentada después de haber expirado el plazo especificado, permitir que el acto se realice si la omisión se debió a justa causa.*

Tomando ambos preceptos en conjunto, resulta claro que nuestro ordenamiento requiere, tanto para solicitar una prórroga o para actuar fuera de un término, que se presente justa causa. *Rivera Marcucci et al. v. Suiza Dairy, supra,* a la pág. 171. El

acreditar justa causa requiere "explicaciones concretas y particulares, debidamente evidenciadas en el escrito, que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora. Las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa". *Febles v. Romar*, 159 DPR 714, 720 (2003).

**En el caso de autos, el término de cumplimiento estricto para culminar la investigación preliminar fue incumplido sin la existencia de justa causa. La única razón que expresó la OEG para prorrogar el término para culminar la investigación preliminar, fue que le faltaba información y documentación por corroborar. Esto, sin indicar cuál información o cuál había sido la razón para no haberla conseguido dentro del término de cumplimiento estricto. Así pues, no son justa causa las vaguedades, excusas o planteamientos estereotipados.** *Soto Pino v. Uno Radio Group, supra*, **a la pág. 93. Cabe destacar que, aunque la OEG alegadamente presentó el Boletín Administrativo Núm. EO-2020-23 por causa de la Pandemia del COVID, lo cual no constaba en el expediente, como justa causa para prorrogar la investigación exhaustiva, la OEG no cumplió con el requisito de justa causa para la prórroga de la investigación preliminar, el cual es el primer paso que dispone el Art. 7.1(b) de la Ley Núm. 1-2012,** *supra*. **Por tanto, la OEG estaba impedida de proseguir con la investigación exhaustiva y por consiguiente de presentar la "Querella".**

### IV.

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, se revoca el dictamen recurrido, se archiva la "Querella" y, en consecuencia, se deja sin efecto la multa impuesta al Sr. Enrique H. Questell Alvarado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


                                    Lcda.  Lilia M. Oquendo Solís
                                Secretaria del Tribunal de Apelaciones